JOHN E. MATTHEWS, Plaintiff, *v.* SEYMOUR N. MURPHY, Defendant.

Supreme Court, Monroe County, March 23, 1929.

*John F. Thomas*, for the plaintiff.

*Ives & Craft*, for the defendant.

RODENBECK, J. The plaintiff's cause of action is based upon a written contract in which the defendant acknowledges an indebtedness to the plaintiff in a " certain sum." This acknowledgment would exclude evidence of any indebtedness of the defendant to any other person or corporation. The contract sued on was made with the plaintiff, and, upon that, the defendant must stand. Likewise, the indebtedness referred to, while it may be open to proof, yet relates to the indebtedness to the plaintiff. The omission in the contract to state the amount of the indebtedness would permit evidence of conversations at the time that the contract was made, to establish the amount of the indebtedness to the plaintiff agreed on, but not that owing to a third person or corporation. The plaintiff, in order to recover, must show that at the time that the contract was made there was a certain indebtedness acknowledged, not to a corporation but to the plaintiff. The defendant is mistaken in assuming that under this written contract he can show transactions with and an indebtedness by the defendant to the H-M Engineering Company, for he has acknowledged an indebtedness to the plaintiff, and upon that he must stand. The plaintiff, on the other hand, must fail if, in supplying the omission in the contract, he cannot show an acknowledgment of an indebtedness to the plaintiff. The parol evidence rule will prevent the defendant from showing that the indebtedness was to a person or corporation other than to the plaintiff, for he has acknowledged in writing the indebtedness to the plaintiff. Under these circumstances, nearly all of the evidence that the defendant proposes to use upon the trial is immaterial and inadmissible. The doubt, if any, as to the admissibility should not be resolved against the plaintiff who has properly chosen the forum where he resides.

The motion to change the place of trial, therefore, is denied, and the motion for a bill of particulars is granted, with ten dollars costs of motion.

So ordered.